IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAUREL WERNER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-15-2381 |
| EAST COAST FRESH, LLC, *et al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

Plaintiff Laurel Werner (plaintiff or "Werner") has filed this action against defendants East Coast Fresh, LLC ("ECFL"), Coastal Sunbelt Produce, John Corso, and Ross Foca seeking to recover minimum and overtime wages allegedly withheld by defendants in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-401, *et seq*. Specifically, Counts I and II of plaintiff's Complaint are based on defendants' alleged failure to pay Werner a minimum wage; Counts III and IV allege that defendants improperly classified her as an exempt employee under the FLSA and, thus, failed to pay her overtime wages to which she is entitled. (ECF No. 1 at ¶¶ 53-62.)

All defendants have moved for summary judgment on all four counts set forth in the Complaint. ("Defendants' Motion") (ECF No. 18.) In her Response in Opposition to Defendants' Motion (ECF No. 21), Werner concedes that "there were no minimum wage violations in regard to Plaintiff's employment with [ECFL]" and "does not oppose the Summary Judgment Motion respecting Counts I and II of the Complaint." (ECF No. 21-1

1

at 2.) Accordingly, Defendants' Motion is GRANTED IN PART, and judgment shall be ENTERED in favor of all defendants on Counts I and II of plaintiff's Complaint.

Plaintiff also concedes that defendants Coastal Sunbelt Produce, John Corso, and Ross Foca did not act as plaintiff's employer and, therefore, does not oppose Defendants' Motion with respect to these persons. (*Id.*) Accordingly, Defendants' Motion is GRANTED IN PART, and judgment shall be ENTERED in favor of defendants Coastal Sunbelt Produce, John Corso, and Ross Foca on all counts.

Thus, the only matters that remain pending before the Court are Counts III and IV of plaintiff's Complaint and defendant ECFL's Motion for Summary Judgment on these counts. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, Defendants' Motion is DENIED as to Counts III and IV of plaintiff's Complaint against ECFL.

BACKGROUND

In ruling on a motion for summary judgment, this Court reviews the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013).

Defendant East Coast Fresh, LLC is a food processing company located in Savage, Maryland that distributes fresh cut produce to grocery stores and other customers in the Mid-Atlantic region. (ECF No. 21-1 at 2, ¶ 2.) Plaintiff Laurel Werner worked for ECFL as a Retail Merchandise Specialist ("RMS") for a period of nine months, from September 2013 to June 2014. (*Id.* ¶ 1.) When she was hired by ECFL, Werner was notified that she would

be paid $45,000.00 per year as an "exempt employee." (*Id.* ¶ 3.)  Plaintiff later testified that she was unaware of the meaning of her status as "exempt employee." (Werner Depo. Tr. 34:17-20, ECF No. 21-5 at 11.)  The RMS position description describes plaintiff's essential duties and functions:

- Direct report to the Vice President of Retail Sales.
- Visit retail accounts to solicit feedback from customers regarding product assortment, quality, and customer service.
- Assist retail customers with new store set ups, remodels, and in-store demonstrations.
- Participate in the set up and servicing of food show presentations.
- Maintain weekly item movement sales and gross profit statistics for all retail accounts.
- Study the retail markets services by our competition to capture every opportunity to grow sales.
- Assist customer service during peak seasons as needed.

(ECF No. 21-6.)

Consistent with the RMS position description, plaintiff's primary job responsibility "was to work with [ECFL's] customers in helping them set up [ECFL's] product in the store, the best way it would be merchandised, checking the quality, and also providing counsel to them on how to better showcase [ECFL's] products." (Tenerowicz Depo. Tr. 38:7-11, ECF No. 21-3 at 12.)  During her deposition, Werner testified that her work often was directed by her supervisor, Tom Brown:

> Q.   Why did the time that you spent in a store vary?
>
> A.   It depended on what was happening in the store, what Tom [Brown] needed me to do in a store, what – it just depended on what was going on.
> …
> Q.   Then you said, too, that the number of stores varied any particular day. Why would that be?  Why would the number of stores that you visited vary, as opposed to the amount of time spent in each store?

      A.    Well, if Tom [Brown] had me working on something else, if I had to run delivery for somebody, if I had to go back to the office…

(Werner Depo. Tr. 69:18-70:1; 72:13-22, ECF No. 21-5 at 20-21.) Brown was also responsible for formulating policies and procedures governing Werner's work. (Tenerowicz Depo. Tr. 67:11-69:8, ECF No. 21-3 at 19.) While Werner could provide recommendations on company policies, the authority to implement an "overall policy change or procedure that would affect a group" remained with her supervisor. (*Id.*)

During her tenure with ECFL, plaintiff typically visited retail customers five days per week, but would occasionally work at ECFL's headquarters. (ECF No. 21-1 at 4, ¶ 7.) Plaintiff testified that she regularly worked between fifty (50) and fifty-five (55) hours per week, though some weeks she worked fewer than forty (40) hours per week on account of personal, holiday, or sick time. (*Id.*) On account of her "exempt" status, ECFL did not track the actual number of hours that plaintiff worked. (*Id.* ¶ 8.)

Plaintiff alleges that defendants "willfully and intentionally failed to compensate [her] for the overtime she was owed" by improperly classifying her as an exempt employee under 29 U.S.C. § 213(a)(1). (ECF No. 1 ¶ 56.)

### STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial.  *Id.* at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party.  *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007).  This Court "must not weigh evidence or make credibility determinations." *Foster v. University of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that the trial court may not make credibility determinations at the summary judgment stage).  Indeed, it is the function of the fact-finder to resolve factual disputes, including issues of witness credibility.  *See Tolan v. Cotton*, --- U.S. ----, 134 S. Ct. 1861, 1866-68 (2014) (*per curiam*).

ANALYSIS

Plaintiff's claims that ECFL failed to pay her overtime wages are premised on the theory that ECFL improperly classified plaintiff as an exempt employee under the FLSA's administrative function exception, 29 U.S.C. § 213(a)(1).  (ECF No. 1 at ¶¶ 53-62.)

The FLSA protects "all covered workers from substandard wages and oppressive working hours."  *Barrentine v. Arkansas–Best Freight Sys., Inc.,* 450 U.S. 728, 739, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981).  To that end, "the FLSA establishes the general rule that

employers must pay overtime compensation to employees who work more than forty hours during a seven-day work week." 29 U.S.C. § 207(a)(1). *See Williams v. Genex Servs., LLC*, 809 F.3d 103, 104 (4th Cir. 2015). However, Congress exempted employees "employed in a bona fide executive, administrative, or professional capacity" from these wage requirements. 29 U.S.C. § 213(a)(1). *See Calderon v. GEICO Gen. Ins. Co.*, 917 F. Supp. 2d 428, 435 (D. Md. 2012), *aff'd,* 809 F.3d 111 (4th Cir. 2015).

"Whether an employee is exempt from the FLSA's overtime requirements is a mixed question of law and fact; '[t]he question of how the [employees] spent their working time… is a question of fact. The question whether their particular activities excluded them from the overtime benefits of the FLSA is a question of law.'" *Williams*, 809 F.3d at 109 (quoting *Icicle Seafoods, Inc. v. Worthington,* 475 U.S. 709, 714, 106 S.Ct. 1527, 89 L.Ed.2d 739 (1986)). In the Fourth Circuit, "an employer bears the burden of proving, by clear and convincing evidence," that an employee falls within the administrative exception." *Calderon*, 917 F. Supp. 2d at 435 (quoting *Desmond v. PNGI Charles Town Gaming, L.L.C.,* 564 F.3d 688, 691 (4th Cir.2009)). FLSA exemptions are to be "narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within the exemptions' terms and spirit." *Id. See also Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388, 392, 80 S.Ct. 453, 4 L.Ed.2d 393 (1960).

As the United States Court of Appeals for the Fourth Circuit explained in *Desmond*, "[t]he Secretary of Labor has adopted regulations that set forth a three-part test for determining whether an employee is subject to the administrative exemption:

> (1) the employee must be compensated at a salary rate of not less than $455 per week;

> (2) the employee's primary duty must consist of 'the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers'; and
>
> (3) the employee's primary duty must 'include[ ] the exercise of discretion and independent judgment with respect to matters of significance.'

*Id.* at 691 (quoting 29 C.F.R. § 541.200).

In this case, it is undisputed that plaintiff was compensated at a salary rate exceeding $455 per week. *See* ECF No. 21-1 at 7. Thus, the questions before the Court in reviewing Defendants' Motion are: (1) whether Werner's primary job duty as Retail Merchandise Specialist consisted of the performance of office or non-manual work directly related to ECFL's management or general business operations; and (2) whether plaintiff's primary job duty included the exercise of discretion and independent judgment with respect to matters of significance. *See* 29 C.F.R. § 541.200(a)(2), (3).

As to the first part of this test, defendant argues that Werner's duties as an RMS "fall directly within the ambit of the duties classified as exempt under 29 C.F.R. § 541.201, including work…such as quality control, advertising, marketing, research, safety and health, and advising and consulting an employer's customers." 29 C.F.R. § 541.201(a)-(c). (ECF No. 18-1 at 20.) ECFL points to this Court's decision in *Kresal v. RFID Glob. Sols., Inc.*, WMN-11-1395, 2012 WL 1701770, at *6 (D. Md. May 14, 2012), and the opinion of the Fourth Circuit in *Darveau v. Detecon, Inc.*, 515 F.3d 334, 339 (4th Cir. 2008), in support of its position.

Plaintiff argues in opposition that defendant is "attempting to dress up what is essentially a sales/customer service position, which has little, if anything to do with [ECFL]'s

management policies or general business operations." (ECF No. 21-1 at 8.) Plaintiff points to the fact that she routinely delivered and moved around produce as evidence of the non-managerial nature of her position. (*Id.*) Plaintiff asserts that *Kresal* and *Darveau* are distinguishable insofar as those cases dealt with employees charged with "developing processes and procedures," not merely carrying-out such corporate practices. (*Id.* at 11.)

*Kresal* involved the company's Director of Customer Support, whose job duties "'included developing processes and procedures to build a customer support structure, providing 'project management oversight' to customer implementation efforts, 'defin[ing] product specifications and development requirements,' 'manag[ing] sub-contractor resources,' and conducting 'competitive analysis of competing products.'" *Kresal*, 2012 WL 1701770, at *6.

Similarly, *Darveau* involved a management-level employee who was a member of the defendant's "Executive Team," as part of which he "helped to shape Detecon's general business policies…" and, based on his "lengthy industry experience and contacts," was "empowered [] to approach current and potential clients, discern the possible range of their wireless telecommunications needs, and then relay this information to the technical staff at [defendant's] main office." *Darveau*, 515 F.3d at 338-39.

While ECFL zealously asserts that Werner occupied a similar, management-type position in which she was charged with substantial corporate responsibility, the record before the Court reflects that Werner was only involved in "the day-to-day carrying out of [defendant's] affairs,' a production-side role," and not "the running of a business." *Desmond*, 564 F.3d at 694 (quoting *Bratt v. County of Los Angeles,* 912 F.2d 1066, 1070 (9th Cir. 1990)).

Particularly probative is the deposition testimony of defendant's Vice President of Human Resources, John Tenerowicz. (ECF No. 21-3.) Tenerowicz's testimony makes clear that the responsibility for "developing processes and procedures," as in *Kresal*, and for "shaping [defendant's] general business policies," as in *Darveau*, was assigned to Vice President of Sales, Tom Brown, and not, as defendant now asserts, to Werner, Brown's subordinate. (Tenerowicz Depo. Tr. 67:11-69:8, ECF No. 21-3 at 19.) While Werner did contribute to the implementation of these policies, her position was not administrative in nature so as to exclude her from the FLSA's protections.

As to the second part of the test—whether plaintiff's primary job duty included the exercise of discretion and independent judgment with respect to matters of significance—the record before the Court reflects that while plaintiff exercised discretion with respect to minor matters, she never made discretionary decisions or judgment calls on "matters of significance" to ECFL. 29 C.F.R. § 541.200(a)(3). While ECFL argues that Werner "exercised discretion in analyzing the quality of the produce and assessing whether to remove rotten or unsafe produce from the shelves," these and related decisions involved, at core, the type of narrow and routine decision-making of an employee—not the macroscopic and considered judgments of an administrator. *See Clark v. J.M. Benson Co.*, 789 F.2d 282, 287–88 (4th Cir. 1986) ("[A]lmost every employee exercises some discretion…To demonstrate administrative status, however, 'the discretion and independent judgment exercised must be real and substantial, that is, they must be exercised with respect to matters of consequence.'"). Although Werner's 'discretionary' decisions regarding the removal of rotten produce and the creation of customer orders did have some ultimate impact on

ECFL, this type of decision-making does not involve "matters of significance" so as to exclude plaintiff from the protections of the FLSA.

In sum, Werner's primary job duties were not directly related to ECFL's management or general business operations, and her job did not include the exercise of discretion and independent judgment with respect to matters of significance to ECFL's business. Accordingly, Werner is not subject to the FLSA's administrative exemption, and Defendants' Motion (ECF No. 18) must be DENIED as a matter of law as to Count III of plaintiff's Complaint. Defendants' Motion must be DENIED as to plaintiff's MWHL claim (Count IV), as well. *See Turner v. Human Genome Sci., Inc.*, 292 F. Supp. 2d 738, 744 (D. Md. 2003) ("The requirements under the MWHL mirror those of the federal law; as such, [plaintiff's] claim under the MWHL stands or falls on the success of [her] claim under the FLSA."). This point of law is undisputed. *See* ECF No. 18-1 at 17-18.

Finally, apart from the question of plaintiff's status under the FLSA, there remains a genuine issue of material fact as to the number of hours of overtime work which Werner performed. The record reflects that plaintiff worked varying numbers of hours each week; some weeks Werner worked fewer than forty hours, and other weeks she worked between fifty and fifty-five hours. (ECF No. 21-1 at 4, ¶¶ 7-8.) The record also reflects that ECFL did not track the actual number of hours that plaintiff worked. (*Id.* ¶ 8.) In light of the result reached herein, the parties may proceed to trial on this remaining factual question.

## CONCLUSION

For the reasons stated above, Defendants' Motion (ECF No. 18) is GRANTED IN PART and DENIED IN PART. Specifically, Defendants' Motion is GRANTED and

judgment shall be ENTERED in favor of all defendants on to Counts I and II of plaintiff's Complaint.  In addition, Defendants' Motion is GRANTED and judgment shall be ENTERED on all counts in favor of defendants Coastal Sunbelt Produce, John Corso, and Ross Foca.  Finally, Defendant's Motion is DENIED as to Counts III and IV of plaintiff's Complaint against East Coast Fresh, LLC.

    A separate Order follows.


Dated: February 13, 2017                             /s/
                                                       Richard D. Bennett
                                                       United States District Judge